# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ANA PATRICIA ARELLANES,

Plaintiff,

-vs-                                          Case No.  6:06-cv-127-Orl-28JGG

CLEANING FLORIDA SERVICE
CORPORATION, MANUEL VILLAREAL,

Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

 This cause came on for consideration on August 23, 2006 for a settlement conference [Docket No. 27], a hearing on a joint motion to continue the settlement conference [Docket No. 32], and an order to show cause for failure to prosecute based on Plaintiff's inability to attend the settlement conference [Docket No. 33].

**I.     BACKGROUND**

 On February 1, 2006, Plaintiff Ana Patricia Arellanes filed a complaint alleging Defendants Cleaning Florida Service Corporation ["Cleaning Florida"] and Manuel Villareal failed to pay her overtime wages and the minimum wage in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA").  Docket No. 1.  On June 24, 2006, the parties filed a joint report in which Defendants requested a settlement conference before the United States Magistrate

Judge.[1]   Docket No. 24.   At the request of the Honorable John Antoon II (*see* Docket No. 26), on July

3, 2006, the undersigned ordered "ALL parties and lead counsel" to appear at a settlement conference.

Docket No. 27 (emphasis in original).   The Court warned that "[f]ailure to comply by any party may

result in the imposition of sanctions, including the striking of pleadings and dismissal of all or part

of the case."   *Id.*

On August 22, 2006, the day before the settlement conference, the parties jointly filed a motion

to postpone the settlement conference *indefinitely* because Plaintiff and Defendant Villareal were

unable to attend.   Docket No. 32.   Plaintiff was abroad and unable to obtain a visa to return to the

United States, while Defendant Villareal, also abroad, was medically restricted from traveling.   Docket

No. 32 at 1, ¶¶ 2-3.   The parties asked that the Court postpone the settlement conference, and "simply

allow the parties to provide notice to the Court of when the parties are able to reschedule the

Settlement Conference . . ."   *Id.* at 1-2, ¶ 3.   The parties further noted that Plaintiff was also unable

to attend her deposition, originally scheduled for August 22, 2006, the day before the settlement

conference.[2]

---

[1]On April 4, 12006, the district court entered an FLSA Scheduling Order which required the parties to meet
and confer to attempt to settle all pending issues.   Docket No. 19 at 2, ¶ 3.   The FLSA Scheduling Order also required
parties to file a joint report to notify the Court as to whether they settled, or if either party requested a settlement
conference before the United States Magistrate Judge.   *Id.*, ¶ 4.

The FLSA Scheduling Order further ordered Plaintiff to file answers to the Court's interrogatories within
fifteen days.   Docket No. 19 at 1, ¶ 1.   On April 26, 2006, Plaintiff filed an *untimely* motion for extension of time to
answer the Court's interrogatories.   Docket No. 20.   Plaintiff stated that she was "out of the country and has been
unable to return her Answers to the Court Ordered Interrogatories."   *Id.* at 1, ¶ 3.   The Court granted the unopposed
motion (despite Plaintiff's failure to show excusable neglect for the late filing), and Plaintiff subsequently filed her
answers.

[2]On July 10, 2006, the parties jointly moved for leave to take the deposition of Plaintiff before the period of
discovery opened in order to provide information to facilitate negotiations during the settlement conference.   Docket
No. 29 at 2, ¶ 5.   The parties further stated that Plaintiff was not in the United States, and that they wished to minimize
her burden of traveling "back and forth to the United States."   *Id.* at 1, ¶ 2.   The Court granted the joint motion on July
10, 2006.   Docket No. 31.

Upon consideration of the motion to postpone the settlement conference, the Court ordered Plaintiff to show cause **at the time of the settlement conference** why the case should not be dismissed for failure to prosecute pursuant to Local Rule 3.10. Docket No. 33. The Court also entered a notice of hearing (also for the time of the settlement conference) on the motion to postpone the settlement conference. *Id.* The Court did *not* cancel or postpone the settlement conference.

On August 23, 2006, the undersigned conducted a hearing on the show cause order and the joint motion to continue the settlement conference. No one, including Plaintiff's counsel, appeared on behalf of Plaintiff. Defendants' counsel appeared, and explained that Villareal, the president and sole director of Defendant Cleaning Florida, went to Colombia for surgery. Villareal intended to come back to the United States for the settlement conference, but while he was in Colombia, his surgery, was postponed. As a result, on September 17, 2006, his physician restricted him from travel for fifteen days in anticipation of his surgery.[3] Defendants' counsel further stated that Villareal would be available to attend a settlement conference (as the individual defendant and the corporate representative for Cleaning Florida) after September 1, 2006.

## II.    THE LAW

### A.    Failure to Prosecute

When a case is not "diligently prosecuted," the district court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed. Local Rule 3.10(a). The court may then dismiss the case if the plaintiff does not show "satisfactory cause" in response to the order to show cause. *Id.*

---

[3]Defendants' counsel also submitted a copy of a notice from Villareal's physician. *See* Docket no. 1 (Defendant's Exhibit No. 1).

**B.**     <u>Sanctions</u>

Federal Rules of Civil Procedure 16 (f) and 37 (b) provide the Court with the power to sanction

an offending party and award reasonable expenses under certain circumstances.  Fed. R. Civ. P. 16(f)

provides:

> If a party or party's attorney fails to obey **a scheduling or pretrial order**, or if no
> appearance is made on behalf of a party at a scheduling or pretrial conference, or if a
> party or party's attorney is substantially unprepared to participate in the conference, or
> if a party or party's attorney fails to participate in good faith, the judge, upon motion
> or the judge's own initiative, may make such orders with regard thereto as are just, and
> among others any of the orders provided in Rule 37 (b)(2)(B), (C), (D).  In lieu of or in
> addition to any other sanction, the judge shall require the party or the attorney
> representing the party or both to pay the reasonable expenses incurred because of any
> noncompliance with this rule, including attorney's fees, unless the judge finds that the
> noncompliance was substantially justified or that other circumstances make an award
> of expenses unjust.

Fed. R. Civ. P. 16 (bold emphasis added).  Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the

Court may issue:

> (B)      An order refusing to allow the disobedient party to support or oppose
> designated claims or defenses, or prohibiting that party from introducing designated
> matters in evidence;
> (C)      An order striking out pleadings or parts thereof, or staying further proceedings
> until the order is obeyed, or dismissing the action or proceeding or any part thereof, or
> rendering a judgment by default against the disobedient party;
> (D)      In lieu of any of the foregoing orders or in addition thereto, an order treating
> as a contempt of court the failure to obey any orders except an order to submit to a
> physical or mental examination;

Fed. R. Civ. P. 37 (b)(2)(B)-(D).

A trial court is justified in dismissing an action under Rule 16 (f) as a sanction for the conduct

of plaintiff or plaintiff's counsel.  *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  The

-4-

sanctions contained in Rule 16(f) are designed to punish parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.  *See id.*

### III.   <u>ANALYSIS</u>

Plaintiff initiated this action, and has failed to diligently prosecute the case.  Over one month ago, the Court ordered Plaintiff to appear in person at a settlement conference.  On the eve of the settlement conference, Plaintiff asked to postpone the settlement conference, but could not provide specific dates when she would be available.  In addition, Plaintiff and Plaintiff's counsel failed to appear at the hearing on August 23, 2006, completely ignoring this Court's order to show cause why the case should not be dismissed.  No one has stated when and if Plaintiff will be available.  Plaintiff is unreasonably delaying this action.

Accordingly, it is **RECOMMENDED** that the case be **DISMISSED** for failure to comply with this Court's July 3, 2006 pretrial order to attend the settlement conference [Docket No. 27], and for failure to prosecute pursuant to Local Rule 3.10, no good cause having been shown by Plaintiff [*see* Docket No. 33].  It is **FURTHER RECOMMENDED** that the motion to postpone the settlement conference [Docket No. 32] be **DENIED** as moot, and that the Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 23, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy